# UNITED STATES DISTRICT COURT

District of Idaho

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| | ) | |
| **v.** | ) | |
| JOSIAH PAUL YEASLEY | ) | Case Number:  0976 1:23CR00273-001 |
| | ) | |
| | ) | USM Number:  18676-023 |
| | ) | |
| | ) | Thomas Monaghan |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

☒ pleaded guilty to count(s) Counts One and Two of the Superseding Information

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Counts |
|---|---|---|---|
| 18 § 1462 | Importation or Transportation of Obscene Matters | 05/12/2023 | 1-2 |

The defendant is sentenced as provided in pages 2 through ___8___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

May 21, 2026
Date of Imposition of Judgment

*Amanda K. Brailsford*
Signature of Judge

Amanda K. Brailsford, Chief United States District Judge
Name and Title of Judge

May 21, 2026
Date

DEFENDANT:        Josiah Paul Yeasley
CASE NUMBER:      0976 1:23CR00273-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total
term of: 84 months

This sentence consists of terms of imprisonment of 60 months on Count One and 24 months on Count Two, all such terms to run
consecutively for a total term of 84 months.

☒    The court makes the following recommendations to the Bureau of Prisons:

The defendant will be credited with all time served in federal custody and will be placed in a facility in Englewood,
Colorado.

It is recommended the defendant participate in the RDAP program while incarcerated.

☒    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

☐    at _____    ☐ a.m.    ☐ p.m.    on _____ .

☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐    before 2 p.m. on _____ .

☐    as notified by the United States Marshal.

☐    as notified by the Probation or Pretrial Services Office.

### RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
By:        DEPUTY UNITED STATES MARSHAL

DEFENDANT:        Josiah Paul Yeasley
CASE NUMBER:      0976 1:23CR00273-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:     3 years

The term of supervised release consists of 3 years on each of Counts One and Two, all such terms to run concurrently.

# MANDATORY CONDITIONS

1.    You must not commit another federal, state or local crime.
2.    You must not unlawfully possess a controlled substance.
3.    You shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on supervision and to a maximum of 10 periodic drug tests a month thereafter for the term of supervision as directed by the probation officer. The cost to be paid by both the defendant and the government based upon the defendant's ability to pay.
     ☐    The above drug testing condition is suspended, based on the courts determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*
4.    ☒    The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
5.    ☒    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*
6.    ☐    The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*
7.    ☐    You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(Check, if applicable.)*
8.    ☒    You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9.    ☐    If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.
10.   ☒    You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT:        Josiah Paul Yeasley
CASE NUMBER:      0976 1:23CR00273-001

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer, unless legitimately asserting your Fifth Amendment right against self-incrimination as to new criminal conduct.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

Upon a finding of a violation of supervision or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

A U.S. probation officer has instructed me on the conditions specified by the Court. I fully understand the conditions and have been provided with a written copy of this judgment containing these conditions.


Defendant's Signature _____    Date _____


U.S. Probation Officer/Witness _____    Date _____

DEFENDANT:        Josiah Paul Yeasley
CASE NUMBER:      0976 1:23CR00273-001

# ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall pay any special assessment or other financial obligation imposed by this judgment in accordance with the Schedule of Payments as ordered by the Court.

You must submit your person; property; house; residence; vehicle; papers; computer devices (as defined in 18 § 1030(e)(1)), other electronic communications, network or cloud storage, data storage devices or media; or office, to a search conducted by a probation officer. The probation officer may conduct a search under this condition only when reasonable suspicion exists. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

You may not possess or use a computer (as defined in 18 § 1030(e)(1)) without prior permission from the probation officer. You must allow the probation officer to conduct initial and periodic unannounced searches of any computer devices or networked systems used or possessed by you. Initial searches of computer devices and networked systems will be conducted to determine if they contain or allow access to any materials or capabilities (programs/applications, settings, configurations) which would violate the Court's ordered conditions. Periodic unannounced searches of these devices and systems will be conducted to verify that required configurations are unaltered, and that no circumvention efforts have been made to alter the device's operation(s) or functionality.

You shall comply with the requirements of the United States Probation Computer Monitoring Program as directed. You shall consent to the United States Probation Office conducting ongoing monitoring of your computer(s), hardware, software, and other electronic devices/ media. The monitoring may include the installation, at your expense, of hardware or software systems which allows evaluation of your computer use. Monitoring may also include the retrieval and copying of all data from your computer or other electronic devices/media. Monitoring may occur at any time with or without reasonable suspicion of violations of supervised release or probation. Initial searches of computer devices and networked systems will be conducted to determine if they contain or allow access to any materials or capabilities (programs/applications, settings, configurations) that would be problematic for monitoring software and Cybercrime Management Program requirements. Periodic unannounced searches of these devices and systems will be conducted to verify that required configurations are unaltered, and that no circumvention efforts have been made to alter the device's operation(s) or functionality.

Non-standard computer devices possessed or accessible to you (such as smart TV's, refrigerators, game systems, and personal assistants) shall be assessed by the probation officer for risk and need of use. You must permit the United States Probation and Pretrial Services Office (USPPSO) to configure and/or manage approved non-standard devices for compliance with your Court ordered conditions and cybercrime management requirements. Non- standard computer devices that are not able to be configured and/or managed, or which are assessed as being of substantial risk to the successful completion of supervision, may be prohibited.

You may access publicly accessible computer devices for legitimate transactional purposes (such as ATMs, kiosks, and point of sale terminals), as approved by the probation officer. With the awareness and approval of your probation officer, you may also use specialized computer devices outside your residence (i.e., employment agency, work search, and employers' computer devices) but only for their intended use.

You shall participate, at the direction of the probation officer, in a sex offense-specific assessment by a qualified mental health professional who is experienced in treating and managing sexual offenders. You agree to waive any right to confidentiality and allow the treatment provider to supply a written report to the United States Probation Office. The cost to be paid by both the defendant and the government based upon the defendant's ability to pay.

You shall successfully complete outpatient sex offense-specific treatment, as directed by the probation officer. You shall follow the rules of the treatment program as if they are the orders of the Court. The cost to be paid by both the defendant and the government based upon the defendant's ability to pay.

You must submit to periodic polygraph testing at the discretion of the probation officer to ensure that you are in compliance with the requirements of your supervision or treatment program. The cost to be paid by both the defendant and the government based upon the defendant's ability to pay.

DEFENDANT:          Josiah Paul Yeasley
CASE NUMBER:        0976 1:23CR00273-001

## ADDITIONAL SUPERVISED RELEASE TERMS CONTINUED

You must not have direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer and only in the company of an adult approved by the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

You shall not reside or loiter within 500 feet of schoolyards, parks, playgrounds, arcades, or other places primarily used by children under the age of eighteen.

You shall not engage in any paid occupation, vocation, volunteer service or calling that exposes him either directly or indirectly to minors, unless approved in advance by his probation officer.

You shall not possess any obscenity, or sexually explicit or nudist visual material involving minors, or persons who appear to be minors, nor shall you knowingly patronize any place where such material or entertainment is available.

You shall not possess any written text material describing sex with minors, except that which may be necessary to complete sex offender treatment (e.g., treatment journals, sexual autobiography), and to prepare collateral challenges to aspects of your case and/or sentence (e.g., presentence report, statutes, case law).

You shall not possess any materials with depictions of "sexually explicit conduct" involving adults, defined as explicit sexually stimulating depictions of adult sexual conduct.

Special Conditions of supervised release shall supersede any standard condition that is inconsistent with the special conditions.

DEFENDANT:    Josiah Paul Yeasley
CASE NUMBER:    0976 1:23CR00273-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** | **AVAA Assessment*** | **JVTA Assessment*** |
|---|---|---|---|---|---|
| **TOTALS** | $200 | Waived | No restitution | Not applicable | Not applicable |

☐    The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐    The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $ | $ | |

☐    Restitution amount ordered pursuant to plea agreement    $ _____

☐    The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐    The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐    the interest requirement is waived for the    ☐ fine    ☐ restitution.

    ☐    the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:       Josiah Paul Yeasley
CASE NUMBER:     0976 1:23CR00273-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

**B** ☒ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☒ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

While in custody, the defendant shall submit nominal payments of not less than $25 per quarter pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

During the term of supervised release, the defendant shall submit nominal monthly payments of 10% of gross income, but not less than $50 per month, unless further modified by the Court. The defendant shall pay any special assessment or financial obligation owing to the Clerk of the Court, 550 West Fort Street, Boise, Idaho 83724.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA Assessment (8) penalties, and (9) costs, including cost of prosecution and court costs.